UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONS REHABILITATION, et al.,<br><br>Defendants. | No.  2:19-cv-2211 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.    Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 4.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

>    II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendants Aguilar, J. Rodriguez, C. Rodriguez, and the California Department of Corrections and Rehabilitation (CDCR) violated plaintiff's rights under the Eighth Amendment. ECF No. 1. Specifically, plaintiff alleges that on August 28, 2018, his cell was being searched for the fourth day in a row, so he asked defendant Aguilar if he could speak to the housing sergeant because he believed the searches were in retaliation for filing an appeal. Id. at 3. Aguilar told him to turn around and cuff up, and when plaintiff complied, Aguilar slammed him into the floor and started punching him. Id. When plaintiff tried to bite Aguilar to get him to stop punching plaintiff's face, Aguilar slammed plaintiff's head against the floor and then slammed his face into the ground. Id.

### IV. Claims for Which a Response Will Be Required

Plaintiff's allegations are sufficient to state a claim for excessive force against defendant Aguilar, see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)), who will be required to respond to the complaint.

////

////

V.      Failure to State a Claim

      A. California Department of Corrections and Rehabilitation

To the extent is appears that plaintiff may be attempting to name the CDCR as a defendant, the claim is barred by sovereign immunity because the CDCR is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

      B. Personal Involvement

Even though plaintiff has named J. Rodriguez and C. Rodriguez as defendants, he has not made any allegations regarding their conduct. Without allegations regarding what each defendant did, plaintiff has failed to state any claims against them. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant." (citation omitted)).

      C. Retaliation

The complaint indicates that plaintiff is attempting to bring a retaliation claim. ECF No. 1 at 3. However, it is unclear whether the claim is limited to the search of his cell or includes Aguilar's assault on plaintiff. In order to state a First Amendment claim for retaliation, plaintiff must allege facts that show the existence of the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

Although plaintiff clearly states that the search of his cell was done in retaliation for filing an appeal, the allegations fail to state a claim because plaintiff does not identify who was retaliating against him, what involvement they had in the search, or why he believes they were acting because of the appeal. To the extent the retaliation claim is based on Aguilar's assault, plaintiff's facts do not show that Aguilar assaulted plaintiff because of his protected conduct. (Because plaintiff has stated a viable excessive force claim against Aguilar, he does not need to separately prove retaliatory intent in order to recover for the alleged assault.) Although plaintiff

alleges that he asked Aguilar to speak to the housing sergeant because he felt the search of his cell was in retaliation for filing an appeal, it is unclear whether he told Aguilar why he wanted to speak to the sergeant or whether Aguilar otherwise knew about the appeal.  Accordingly, although plaintiff has pled some elements of a retaliation claim, he has not sufficiently alleged facts showing all the elements exist as applied to the conduct of any individual defendant and he therefore fails to state a claim for retaliation.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable a claim for retaliation, or any claims against J. Rodriguez, C. Rodriguez, or the CDCR.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Aguilar on his excessive force claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his excessive force claim against defendant Aguilar without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the retaliation claim and all claims against defendants J. Rodriguez, C. Rodriguez, and the CDCR.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

////

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Current Address

The Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is currently incarcerated at California State Prison, Sacramento. The Clerk of the Court will therefore be directed to update plaintiff's address of record accordingly. Plaintiff is cautioned that he must keep update the court whenever his address changes.

VIII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. Your allegations of excessive force against defendant Aguilar state a claim for relief and Aguilar will be required to respond to the complaint. You cannot bring a claim against the CDCR because it is immune, you have not alleged any facts against defendants J. Rodriguez or C. Rodriguez, and you have not alleged enough facts against any defendant to show they retaliated against you.

////

You have a choice to make.  You may either (1) proceed immediately on your excessive force claim against Aguilar and voluntarily dismiss the other claims and defendants or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your retaliation claims and all claims against defendants J. Rodriguez, C. Rodriguez, and the CDCR.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's retaliation claim and claims against defendants J. Rodriguez, C. Rodriguez, and the CDCR do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his excessive force claim against defendant Aguilar as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the retaliation claim and all claims against defendants J. Rodriguez, C. Rodriguez, and the CDCR.

6. The Clerk of the Court is directed to update plaintiff's address of record to California State Prison, Sacramento, P.O. Box 290001, Represa, CA 95671.

DATED: April 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRANDERSON,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONS REHABILITATION,<br><br>            Defendants. | No. 2:19-cv-2211 JAM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

       Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his excessive force claim against defendant Aguilar without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his retaliation claim and all claims against defendants J. Rodriguez, C. Rodriguez, and the CDCR pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                    David Earl Granderson<br>                                                    Plaintiff pro se