UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONS REHABILITATIONS, et al.,<br><br>Defendants. | No.  2:19-cv-2211 JAM AC P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 11, 2022, defendant filed a motion to compel plaintiff to sit for his deposition.  ECF No. 30.  After plaintiff failed to respond to the motion, he was given an additional twenty-one days to respond and was cautioned that failure to do so would be deemed a waiver of any opposition to granting the motion and could result in sanctions.  ECF No. 35.  The time for responding has now passed and plaintiff has once again failed to respond.

    Defendant's motion asserts that plaintiff refused to attend his properly noticed deposition without any justification, and requests that plaintiff be ordered to attend and participate in his deposition.  ECF No. 30 at 4-5.  Having initiated this lawsuit, plaintiff is obliged to participate in discovery including sitting for his deposition.  Plaintiff has provided no legitimate reason—indeed, no reason at all—for his failure to appear.  Accordingly, the motion to compel will be

1

granted. Defendant will be given another opportunity to depose plaintiff, and plaintiff must participate fully in the deposition. Plaintiff is warned that if he fails to participate in the deposition, it will result in sanctions that may range from exclusion of evidence—which can mean exclusion of plaintiff's own testimony—all the way up to dismissal of the case, depending upon the degree of non-compliance.

Defendant has also requested reimbursement of his expenses incurred as a result of the failed deposition and motion to compel. ECF No. 20 at 5-6. When a party fails to appear for his deposition or there is a complete failure to respond to requests for production or interrogatories, as there has been in this case, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). In light of plaintiff's indigence and his status as a pro se prisoner litigant, the court finds that an award of expenses would be unjust and the request will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 30) is GRANTED.

2. Within forty-five days of the service of this order, defendant may take plaintiff's deposition either in person or by videoconference. Defendant shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition.

3. If plaintiff refuses to fully participate in his deposition, defendant may bring a motion for sanctions within fourteen days of being advised of plaintiff's refusal.

4. Failure to comply with this order may result in sanctions, which could range from the exclusion of evidence up to dismissal of this case. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

DATED: May 16, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE