UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRANDERSON, | No. 2:19-cv-2211 JAM AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA CORRECTIONS REHABILITATIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion for terminating sanctions and expenses. ECF No. 37. Plaintiff has not responded.

I.     <u>Procedural History</u>

On January 7, 2022, defendant filed a motion to compel plaintiff's responses to interrogatories and requests for the production on the ground that plaintiff had completely failed to respond. ECF No. 27. After plaintiff failed to respond to the motion, he was given a second opportunity to do so, and cautioned that failure to respond would be deemed a waiver of any opposition to granting the motion and could result in sanctions. ECF No. 29. After plaintiff once again failed to respond, the motion was granted and plaintiff was ordered to respond to defendant's interrogatories and requests for production without objection within twenty-one days. ECF No. 35. Plaintiff was warned that failure to comply would "result in sanctions ranging from

1

exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance." Id. at 2.

On March 11, 2022, defendant filed a second motion to compel in which he sought to compel plaintiff to attend and participate in his deposition. ECF No. 30. After plaintiff failed to respond to the motion, he was given a second opportunity to respond and cautioned that failure to do so would be deemed a waiver of any opposition to granting the motion and could result in sanctions. ECF No. 35. When plaintiff once again failed to respond, the motion was granted and he was ordered to sit for his deposition. ECF No. 36. He was further warned that failure to comply would result in sanctions that could range up to the dismissal of this case. Id. at 2.

Defendant has now filed a motion for terminating sanctions on the ground that plaintiff has failed to comply with the order compelling plaintiff to respond to interrogatories and requests for production. ECF No. 37. Defendant also requested and was granted an extension of the time to take plaintiff's deposition until after the resolution of the pending motion for sanctions. ECF Nos. 38, 39.

II.    Motion for Terminating Sanctions

Defendant moves for terminating sanctions on the grounds that plaintiff has willfully refused to participate in discovery—most recently by completely failing to comply with the court's order to provide responses to his interrogatories and requests for production—and had intentionally disobeyed court orders. ECF No. 37. Furthermore,

> [r]egarding discovery, Plaintiff stated to defense counsel on July 23, 2021, that: (1) Plaintiff is no longer going to cooperate (in the lawsuit), (2) Plaintiff is "done with the lawsuit" and "does not have time," (3) "If it's going to get dismissed, I am going to leave it alone" and "I don't care right now."

Id. at 3 (citing Phillips Decl. ¶ 2). When warned about the possibility of sanctions, including dismissal, "Plaintiff responded that he 'voluntarily dismiss this case by being silent.'"[1] Id.

The Local Rules of the Eastern District of California provide wide latitude to the court

---

[1] Based on the date of the discussion, it appears this conversation took place as part of the Post-Screening ADR Project. See ECF No. 21 at 2 (stating counsel and plaintiff spoke by phone on Juley 23, 2021).

2

with regard to sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must weigh in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition

3

on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

### A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). In this case, plaintiff has completely failed to fulfill his discovery obligations or comply with this court's discovery order. He has also completely failed to respond to any of defendant's discovery motions, which appears to be a calculated choice on plaintiff's part. His apparently premediated refusal to comply with discovery obligations and complete failure to communicate with the court have delayed the expeditious resolution of this case. The public interest in efficient resolution of cases has thus been thwarted by plaintiff's refusal to participate in the discovery process.

### B. The Court's Need to Manage Its Docket

Plaintiff's continued failure to cooperate in discovery and follow the court's instructions has already consumed a considerable amount of limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and plaintiff's continued refusal to participate in the discovery process has already resulted in two motions to compel, which demanded this court's attention, time, and resources, and the instant motion for sanctions. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

### C. Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

4

Plaintiff has, after first failing to respond to defendant's discovery requests, failed to comply with the order to provide responses. He also refused to appear at his properly noticed deposition. Defendant is entitled to depose plaintiff and have his discovery requests answered and plaintiff's complete refusal to engage in the discovery process is decidedly prejudicial to defendant. Accordingly, there appears to be no justifiable reason for plaintiff's default and this factor also favors dismissal.

### D. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

### E. Availability and Effectiveness of Lesser Sanctions

The court finds no other, lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. Nor does it appear that evidentiary sanctions would be an effective alternative as exclusionary sanctions would likely be the same as issuing dispositive sanctions given plaintiff's complete failure to participate in discovery. Plaintiff has also received multiple warnings that his failure to participate in discovery, respond to defendant's motions, or comply with court orders could result in sanctions or the dismissal of this action. ECF No. 29 at 2, ECF No. 35 at 2; ECF No. 36 at 2. The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Finally, dismissal of this case due to his inaction appears to be plaintiff's ultimate goal. For these reasons, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's behavior.

### F. Conclusion

For the reasons explained above, the undersigned finds that terminating sanctions are justified and will recommend dismissal of this case.

1       III.      <u>Motion for Attorney's Fees and Costs</u>

2       Defendant requests $4,793.50 in attorney's fees and costs. This includes $778.50 for the

3 cost of the court reporter and transcript from plaintiff's failed deposition, $2,365.00 in attorney's

4 fees for the motion to compel plaintiff's deposition, and $1,6500.00 in attorney's fees for the

5 instant motion for sanctions.

6       When a party fails to appear for his deposition, "the court must require the party failing to

7 act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

8 failure was substantially justified or other circumstances make an award of expenses unjust."

9 Fed. R. Civ. P. 37(d)(3). The same holds true when a party fails to obey a discovery order. Fed.

10 R. Civ. P. 37(b)(2)(C).

11       Plaintiff deliberately chose to waste the time of both this court and opposing counsel by

12 failing to voluntarily dismiss his case once he decided he was no longer interested in pursuing it,

13 and by refusing to acknowledge the proceedings in any way. This blatant disregard for the

14 discovery process and both the court and counsel's time is in no way justified and an award of

15 some fees and costs is appropriate. The request for the costs associated with plaintiff's failed

16 deposition will therefore be granted. However, considering plaintiff's indigence and pro se

17 prisoner status, the amount of fees requested, and the fact that it is being recommended that

18 defendant's motion for terminating sanctions be granted, the court finds the award of attorney's

19 fees would be unjust and that request will be denied.[2]

20                                                         CONCLUSION

21       Accordingly, IT IS HEREBY ORDERED that:

22       1. Defendant's motion for costs and fees, ECF No. 37, is GRANTED in part and

23 DENIED in part.

24       2. The motion is GRANTED as to defendant's request for costs in the amount of

25 $778.50. Within thirty days of the service of this order, plaintiff shall reimburse defendant his

26

---

27 [2] Defendant's request for attorney's fees related to the preparation of his motion to compel was previously denied on the ground that such expenses would be unjust in the face of plaintiff's
28 indigence and pro se prisoner status. ECF No. 36 at 2.

reasonable expenses resulting from his failure to appear at his deposition in the amount of $778.50.

    3. The motion is DENIED as to defendant's request for attorney's fees.

    IT IS FURTHER RECOMMENDED that:

    1. Defendant's motion for terminating sanctions, ECF No. 37, be GRANTED.

    2. This action be dismissed, with prejudice, for failure to comply with a court order. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE